United States District Court
District of New Jersey

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Michael A. Shipp |
| v. | : | Magistrate No. 10-6075 |
| ATIF MALIK<br>and<br>ASIL SHEIKH, a/k/a "Gumby" | : | CRIMINAL COMPLAINT |

I, William Humphreys, the undersigned complainant being duly sworn, state the following is true and correct to the best of my knowledge and belief. Between on or about April 19, 2010, and on or about May 7, 2010, in Hudson and in Essex Counties, in the District of New Jersey and elsewhere, the defendants did:

> knowingly and intentionally conspire and agree with one another and others to distribute and possess with intent to distribute 3,4-methylenedioxy methamphetamine ("MDMA," commonly referred to as "ecstasy") a Schedule I controlled substance, contrary to Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C),

In violation of Title 21, United States Code, Section 846.

I further state that I am a Special Agent with the United States Department of Justice Federal Bureau of Investigation and that this complaint is based on the following facts:

SEE ATTACHMENT B.

_____
William Humphreys
Special Agent
Federal Bureau of Investigation

Sworn to before me and subscribed in my presence,

May 24, 2010                                    at        Newark, New Jersey
Date                                                                City and State

Honorable Michael A. Shipp
United States Magistrate Judge                   _____
Name & Title of Judicial Officer                    Signature of Judicial Officer

ATTACHMENT A

I, William Humphreys, am a Special Agent with the United States Department of Justice Federal Bureau of Investigation. Based upon my investigation, conversations with confidential informants, and my discussions with other individuals involved in this investigation, I have knowledge of the following facts:

1. On or about April 19, 2010, under the supervision of law enforcement officials, a confidential informant (the "CI"), who has proven credible and reliable in the past, engaged in a series of recorded telephone conversations with Atif Malik ("Malik") for the purpose of obtaining a quantity of drugs. During these conversations, Malik informed the CI, in substance and in part, that he had a quantity of ecstasy available for distribution.

2. On or about April 21, 2010, beginning at approximately 11:38 a.m., under the supervision of law enforcement officials, the CI engaged in a series of recorded telephone conversations with Malik. During these conversations, Malik and the CI discussed, in substance and in part, plans to meet later that day for the purposes of engaging in a drug-related transaction. At approximately 3:00 p.m. that afternoon, under the surveillance of law enforcement officials, the CI arrived at a pre-arranged location in the vicinity of Broadway Avenue, Newark, to meet with Malik and complete the drug transaction. Malik then approached the area in a black Mercedes Benz automobile bearing New Jersey registration number ZED-76A (the "Mercedes"). The CI, who was wearing a body-recording device, then entered the back seat of the Mercedes, at which point the Mercedes drove away from the location. As law enforcement maintained surveillance of the vehicle, the CI engaged in a consensually recorded drug-related transaction with Malik in the Mercedes, wherein he purchased approximately 49 pills of ecstasy for the sum of $200 (U.S.).

3. The substance purchased by the CI from Malik on April 21, 2010, was subsequently seized and secured by law enforcement officials. The substance was weighed and tested positive for the presence of 3,4-methylenedioxy methamphetamine ("MDMA"), commonly referred to as ecstasy. The net weight of the substance was approximately 11.96 grams.

4. On or about April 25, 2010, beginning at approximately 3:26 p.m., under the supervision of law enforcement officials, the CI engaged in a series of recorded telephone conversations with Malik. During these conversations, Malik and the CI discussed, in substance and in part, plans to meet later that day for the purposes of engaging in a drug-related transaction. At approximately 4:48 p.m. that afternoon, under the surveillance of

law enforcement officials, the CI arrived at a residence utilized by Malik in the vicinity of Wayne Street, Jersey City, NJ (the "Wayne Street Residence"). The CI, who was wearing a body-recording device, engaged in a consensually recorded drug-related transaction with Malik in the residence, wherein he purchased approximately 300 pills of ecstasy for the sum of $1200 (U.S.).

    5. The substance purchased by the CI from Malik on April 25, 2010, was subsequently seized and secured by law enforcement officials. The substance was weighed and tested positive for the presence of MDMA. The net weight of the substance was approximately 73.8 grams.

    6. On or about April 28, 2010, at approximately 1:33 p.m., under the supervision of law enforcement officials, the CI engaged in a recorded telephone conversation with Malik. During this conversation, Malik and the CI discussed, in substance and in part, plans to meet later that day for the purposes of engaging in a drug-related transaction. At approximately 1:39 p.m. that afternoon, under the surveillance of law enforcement officials, the CI arrived at the Wayne Street Residence. Shortly after his arrival, Malik and the CI were observed by law enforcement as they exited the location. They were subsequently observed in a white Honda Pilot automobile bearing New Jersey registration number WFH-75P (the "Honda"). The Honda, which was driven by Malik, was observed as it proceeded to a second residence in the vicinity of Marin Boulevard, Jersey City (the "Marin Boulevard Residence"). Once inside, the CI, who was wearing a body-recording device, engaged in a consensually recorded drug-related transaction with Malik, wherein he purchased approximately 500 pills of ecstasy for the sum of $2000 (U.S.).

    7. The substance purchased by the CI from Malik on April 28, 2010, was subsequently seized and secured by law enforcement officials. The substance was weighed and tested positive for the presence MDMA. The net weight of the substance was approximately 128.1 grams.

    8. On or about May 3, 2010, at approximately 1:21 p.m., under the supervision of law enforcement officials, the CI engaged in a recorded telephone conversation with Malik. During this conversation, Malik and the CI discussed, in substance and in part, plans to meet later that day for the purposes of engaging in a drug-related transaction. At approximately 1:25 p.m. that afternoon, under the surveillance of law enforcement officials, the CI arrived at the Wayne Street Residence. Shortly after his arrival, Malik and the CI were observed by law enforcement as they exited the location and walked to the Marin Boulevard Residence, which they then entered. Once inside, the CI, who was wearing a body-recording device, engaged in a consensually recorded drug-

related transaction with Malik, wherein he purchased approximately 500 pills of ecstasy for the sum of $2000 (U.S.).

9. The substance purchased by the CI from Malik on May 3, 2010, was subsequently seized and secured by law enforcement officials. The substance was weighed and tested positive for the presence MDMA. The net weight of the substance was approximately 147.8 grams.

10. On or about May 7, 2010, beginning at approximately 12:20 p.m., under the supervision of law enforcement officials, the CI engaged in a series of recorded telephone conversation with Malik. During these conversations, Malik and the CI discussed, in substance and in part, plans to arrange a drug-related transaction. Malik further instructed the CI to meet with another individual, subsequently identified by law enforcement officials as Asil Sheikh a/k/a "Gumby" ("Gumby"), in the vicinity of the Journal Square train station in Jersey City. At approximately 2:35 p.m. that afternoon, under the surveillance of law enforcement officials, the CI arrived at the pre-arranged location to meet with Gumby and complete the drug transaction. Gumby then approached the area in a blue Lexus automobile bearing Massachusetts registration number 99LA71 (the "Lexus"). The CI, who was wearing a body-recording device, then entered the passenger side of the Lexus, at which point the vehicle drove away from the location. As law enforcement maintained surveillance of the vehicle, the CI engaged in a consensually recorded drug-related transaction with Gumby in the Lexus, wherein he purchased approximately 1002 pills of ecstasy for the sum of $3800 (U.S.). During this transaction, Gumby stated, in substance and in part, that he had been instructed by Malik to go to the Marin Boulevard Residence to retrieve approximately 20,000 pills of ecstasy and to move them to a safe location because the residence was likely under law enforcement surveillance.

11. The substance purchased by the CI from Malik and Gumby on May 7, 2010, was subsequently seized and secured by law enforcement officials. The substance was weighed and tested positive for the presence MDMA. The net weight of the substance was approximately 297.4 grams.

12. The total amount of ecstasy pills seized by law enforcement as a result of Malik and Sheikh's unlawful drug distribution activities from on or about April 19, 2010 through on or about May 7, 2010, as described above, was approximately 2351 pills, with a net weight of approximately 659.06 grams of MDMA.