

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*Dennis C. Carletta*
*Assistant U.S. Attorney*

DCC/PL AGR
2010R00512

*970 Broad Street, Suite 700*
*Newark, NJ 07102*

973/645-2767

November 30, 2010

John C. Whipple, Esq.
560 Main Street
Chatham, NJ 07928

   Re: <u>Plea Agreement with Atif Malik</u> 11-130

Dear Mr. Whipple:

   This letter sets forth the plea agreement between your client, Atif Malik, and the United States Attorney for the District of New Jersey ("this Office").

<u>Charge</u>

   Conditioned on the understandings specified below, this Office will accept a guilty plea from Atif Malik to a one-count information, which charges conspiracy to distribute ecstasy in violation of Title 21, United States Code, Section 846.  If Atif Malik enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Atif Malik for the aforementioned conspiracy to distribute and to possess with the intent to distribute 3,4-methylenedioxy methamphetamine ("MDMA," commonly referred to as "ecstasy") a Schedule I controlled substance, contrary to Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), in violation of Title 21, United States Code, Section 846, from on or about April 19, 2010, through on or about May 7, 2010, in Hudson and Essex Counties, in the District of New Jersey and elsewhere.  However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, defendant agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Atif Malik may be commenced against him, notwithstanding the expiration of the limitations period after Atif Malik signs the agreement.

Sentencing

The violation of 21 U.S.C. § 846 to which Atif Malik agrees to plead guilty carries a statutory maximum prison sentence of twenty (20) years, as well as a statutory maximum fine equal to the greatest of:  (1) $1,000,000 or (2) twice the gross profits or other proceeds to Atif Malik.  Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Atif Malik is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines.  The United States Sentencing Guidelines are advisory, not mandatory.  The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine.  This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Atif Malik ultimately will receive.

Further, in addition to imposing any other penalty on Atif Malik, the sentencing judge:  (1) will order Atif Malik to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Atif Malik to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq. (3) may deny Atif Malik certain statutorily defined benefits, pursuant to 21 U.S.C. §§ 862 and 862a; and (4) pursuant to 21 U.S.C. § 841, must require Atif Malik to serve a term of supervised release of at least 3 years, which will begin at the expiration of any term of imprisonment imposed.  Should Atif Malik be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Atif Malik may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Atif Malik by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information

relevant to sentencing, favorable or otherwise.  In addition, this Office may inform the sentencing judge and the United States Probation Office of:  (1) this agreement; and (2) the full nature and extent of Atif Malik's activities and relevant conduct with respect to this case.

<u>Stipulations</u>

          This Office and Atif Malik agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement.  This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties.  To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence.  Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement.  Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation.  A determination that any stipulation is not binding shall not release either this Office or Atif Malik from any other portion of this agreement, including any other stipulation.  If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so.  These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

<u>Waiver of Appeal and Post-Sentencing Rights</u>

          As set forth in Schedule A, this Office and Atif Malik waive certain rights to file an appeal, collateral attack, writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

<u>Other Provisions</u>

          This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities.  However, this Office

will bring this agreement to the attention of other prosecuting offices, if requested to do so.

Atif Malik understands that he is bound by his guilty plea regardless of any potential immigration consequences of the plea and regardless of any advice Atif Malik has received from his counsel or others regarding those consequences. Accordingly, Atif Malik waives any and all challenges to his guilty plea and to his sentence based on those consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on the immigration consequences of his guilty plea, conviction, or sentence.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Atif Malik. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement), or any third party from initiating or prosecuting any civil proceeding against Atif Malik.

<u>No Other Promises</u>

This agreement constitutes the plea agreement between Atif Malik and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: Dennis C. Carletta
Assistant U.S. Attorney

APPROVED:

Michael Hammer
Chief, National Security Unit

        I have received this letter from my attorney, John C.
Whipple, Esq., I have read it and/or it has been translated for
me into my native language, and I understand it fully.  I hereby
accept the terms and conditions set forth in this letter and
acknowledge that it constitutes the plea agreement between the
parties.  I understand that no additional promises, agreements,
or conditions have been made or will be made unless set forth in
writing and signed by the parties.


AGREED AND ACCEPTED:


_____           Date: _____12/14_____, 2010   A.M
Atif Malik


_____           Date: _____12/14_____, 2010   JCW
John C. Whipple, Esq.


- 5 -

## Plea Agreement With Atif Malik

### Schedule A

1.    This Office and Atif Malik recognize that the United States Sentencing Guidelines are not binding upon the Court.   This Office and Atif Malik nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Atif Malik within the Guidelines range that results from the total Guidelines offense level set forth below.   This Office and Atif Malik further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2.    The version of the United States Sentencing Guidelines effective November 1, 2010, applies in this case.   The applicable guideline is U.S.S.G. § 2D1.1.

3.    The offense involved approximately 2,351 pills of ecstasy, or approximately 659 grams of 3,4 methylenedioxy methamphetamine ("MDMA," commonly referred to as ecstasy).   In the case of a controlled substance that is not specifically referenced in the Drug Quantity Table under U.S.S.G. § 2D1.1(c) (in this case MDMA), the base offense level of that controlled substance is determined by utilizing the Drug Equivalency Tables under U.S.S.G. § 2D1.1, Application Note 10 (E) to convert the quantity of the controlled substance involved in the offense to its equivalent quantity in marihuana.   Pursuant to the Drug Equivalency Tables for LSD, PCP, and Other Schedule I and II Hallucinogens (and their immediate precursors), 1 gram of MDMA is the equivalent of 500 grams of marihuana.   See U.S.S.G. § 2D1.1, Application Note 10 (E).   Accordingly, 659 grams of MDMA is the equivalent of 329,500 grams, or 329.5 kilograms, of marihuana. This results in a Base Offense Level of 26.   See U.S.S.G. § 2D1.1(c)(7).

4.    As of the date of this letter, Atif Malik has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged.   Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Atif Malik's acceptance of responsibility continues through the date of sentencing.   See U.S.S.G. § 3E1.1(a).

5.    As of the date of this letter, Atif Malik has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention

to enter a plea of guilty, thereby permitting the government to
avoid preparing for trial and permitting the government and the
court to allocate their resources efficiently.  If Atif Malik
enters a plea pursuant to this agreement and qualifies for a 2-
point reduction for acceptance of responsibility pursuant to
U.S.S.G. § 3E1.1(a), and if in addition Atif Malik's offense
level under the Guidelines prior to the operation of § 3E1.1(a)
is 16 or greater, Atif Malik will be entitled to a further 1-
point reduction in his offense level pursuant to U.S.S.G. §
3E1.1(b).

     6.  In accordance with the above, the parties agree
that the total Guidelines offense level applicable to Atif Malik
will be 23 (the "agreed total Guidelines offense level").

     7.  The parties agree not to seek or argue for any
upward or downward departure, adjustment or variance not set
forth herein.  The parties further agree that a sentence within
the Guidelines range that results from the agreed total
Guidelines offense level is reasonable.

     8.  Atif Malik knows that he has and, except as noted
below in this paragraph, voluntarily waives, the right to file
any appeal, any collateral attack, or any other writ or motion,
including but not limited to an appeal under 18 U.S.C. § 3742 or
a motion under 28 U.S.C. § 2255, which challenges the sentence
imposed by the sentencing court if that sentence falls within or
below the Guidelines range that results from a total Guidelines
offense level of 23.  This Office will not file any appeal,
motion or writ which challenges the sentence imposed by the
sentencing court if that sentence falls within or above the
Guidelines range that results from a total Guidelines offense
level of 23.  The parties reserve any right they may have under
18 U.S.C. § 3742 to appeal the sentencing court's determination
of the criminal history category.  The provisions of this
paragraph are binding on the parties even if the Court employs a
Guidelines analysis different from that stipulated to herein.
Furthermore, if the sentencing court accepts a stipulation, both
parties waive the right to file an appeal, collateral attack,
writ, or motion claiming that the sentencing court erred in doing
so.

     9.  Both parties reserve the right to oppose or move to
dismiss any appeal, collateral attack, writ, or motion barred by
the preceding paragraph and to file or to oppose any appeal,
collateral attack, writ or motion not barred by the preceding
paragraph.